# IN THE UNITED STATES DISTRICT COURT OF THE
# NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA                                              PLAINTIFF/COUNTER-DEFENDANT

VS.                                                             CIVIL ACTION NO.: 3:10CV71-MPM-JMV

MARY LUSTER-JOHNSON

AND

INSTITUTE OF COMMUNITY
SERVICES, INC.                                                  DEFENDANTS/COUNTER-PLAINTIFFS

## ORDER

This matter is before the court on the motion (#61) of defendant/counter-plaintiff, Mary Luster-Johnson (Johnson), to list Paula Graves Ardelean, an attorney with the Butler, Snow, O'Mara, Stevens & Canada Law Firm, as a may call/ fact witness in the Final Pretrial Order. The plaintiff/counter-defendant, Travelers Causalty and Surety Company of America (Travelers), objects to this motion on the basis that this witness and the subject matter of her knowledge were not properly disclosed by Johnson in discovery or supplementation thereto.

This matter was initially brought to the court's attention at the final pretrial conference, and the parties were instructed to submit memorandum to the court on the issue. In response, Johnson filed the instant motion and the remaining parties submitted memoranda to the Magistrate Judge. After considering the motion and the memoranda of the parties, and after conducting a hearing on the matter, the court finds for the reasons announced by the court on the record at the conclusion of the parties' oral argument on September 13, 2011, that the motion is not well taken.

As an initial matter, Johnson argues that a decision on the instant motion should be made by the District Judge because it amounts to a dispositive motion and, as such, the Magistrate

Judge is without the authority to rule on it. This argument is based on Johnson's position that the proposed witness would provide , as yet, undisclosed testimony that if allowed may lead to a verdict in its favor at trial and, if disallowed, may result in a verdict against it. However, no authority from the Fifth Circuit is cited to support such a tangential and speculative proposition. In fact, the court finds that the wholly conclusory position that this matter is "dispositive" of a claim or defense is not colorable under the circumstances. It is within the Magistrate Judge's authority to render a decision on whether a witness has been timely disclosed so as to be properly listed in the pretrial order.

Having concluded that the undersigned does have jurisdiction to decide the issue at hand, the court finds as follows:

Federal Rules of Civil Procedure 26(a)(1)(A)(I) requires initial disclosure of the name and other information of each individual that the disclosing party "may use to support its claims or defenses." Federal Rules of Civil Procedure 26(e)(1)(A) requires that initial disclosure of witnesses be supplemented in a timely manner if the initial disclosure is incomplete of incorrect.

Ms. Ardelean was not disclosed as a person with knowledge or a potential witness in the initial disclosures, responses to interrogatories, or any supplementation of discovery. In fact, the only mention of Ms. Ardelean's name prior to the final pretrial conference was 1) in the course of Travelers' claims agent's deposition, she was identified as an attorney that Travelers would likely have hired to defend the underlying state law claim had they been properly notified of the case, and 2) briefly by Johnson's designated legal expert who proposes to testify, inter alia, that, in his opinion, no Jackson lawyer, including Ms Ardelean, would have gotten a better result in the underlying employment action than did the attorney who actually was hired to defend the tort claim. It is clear from the record that Ms Ardelean, herself, was not actually engaged or even contacted by Travelers to defend the case, and therefore, she would have no material first hand

knowledge of the case, and Johnson suggests none.

Federal Rule of Civil Procedure 37(c)(1) clearly states that when a party fails to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. To determine whether to exclude an individual who is not properly identified under the Federal Rules of Civil Procedure, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir.2004)

Johnson has offered no excuse for the failure to disclose the identity of the witness or subject matter to which she is expected to testify. The Court has no evidence before it of any first hand factual information, or the importance of such information, to which the witness would testify.  To allow a previously undisclosed witness to testify on the eve of trial to, even yet, undisclosed subject matter, is clearly prejudicial to Travelers.  As to the availability of a continuance, no such request has been made (and is a request, if made, for the District Judge to decide).

Based on the above considered factors, the court finds that, under the Federal Rules, Ms. Ardelean and the subject matter of her knowledge were not properly disclosed. It is clear from the deposition of Travelers that Ms Ardelean was not even contacted with regard to the underlying litigation, thus it is not really surprising that Johnson never even attempts in her present motion to disclose what material facts she has any knowledge of regarding the underlying litigation. Instead, at the pretrial conference, Johnson asserted only that Ms Ardelean would be asked to testify to what, in her opinion , she would hypothetically have done in the

underlying case if she had been contacted and engaged as defense counsel. Johnson is not helped by this suggestion as this would require Ms Ardelean to offer technical and specialized knowledge , and clearly Ms Ardelean has not been properly designated as an expert witness by Johnson.

IT IS, THEREFORE, ORDERED that the motion (# 61) to list Attorney Paula Ardelean as a witness on the pretrial order is hereby DENIED.  The parties are reminded that a final pretrial order is due to the Court by the close of business today.

SO ORDERED, this the 14th day of September, 2011.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE